UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL JIMENEZ-VALDEZ,
                        Plaintiff,

v.

TORIANO HUDSON, BEVERLY
WALTON,
                        Defendants.
_____/

Case No. 21-13046

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON MOTION TO AMEND (ECF No. 33)**

Plaintiff Manuel Jimenez-Valdez, proceeding without the assistance of counsel, filed this action on December 21, 2021.  (ECF No. 1).  This matter was referred to the undersigned for all pretrial matters.  (ECF No. 15).  This matter is presently before the Court regarding Plaintiff's motion to amend his complaint. (ECF No. 33).

**I.      DISCUSSION**

*a.  Standard Governing Motions to Amend*

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

1

amendments, undue prejudice to the opposing party, and futility of amendment."

*Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court need not grant leave to amend where the amendment would be

futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is

futile when the proposed amendment would not permit the complaint to survive a

motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005)

(citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d

21, 23 (6th Cir. 1980)). A complaint may be dismissed under Rule 12(b)(6) when

the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P.

12(b)(6).

   b. *Analysis*

On April 13, 2023, Plaintiff moved to amend his complaint. (ECF No. 33).

Plaintiff seeks to amend his complaint "by adding a copy of the Traffic Crash

Report[.]" (*Id.* at PageID.130). Plaintiff appears to be attempting to add an exhibit

onto his complaint after the fact, but the motion to amend does not reproduce the

complaint. The motion is unopposed, so Plaintiff's motion to amend is

**GRANTED**. Plaintiff is **DIRECTED** to file his complaint as originally filed and

the accompanying exhibit as one document by **June 9, 2023**. Plaintiff is cautioned

that he may not change the substance of his allegations, the Court is only granting

him permission to file his complaint and exhibit as one document which shall be

Plaintiff's first amended complaint.  The Court notes Plaintiff must reproduce the entire complaint as originally filed because an amended complaint **replaces the original entirely**.  *See ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D. Ohio Mar. 19, 2007).  The document submitted as the first amended complaint will be the **sole and exclusively controlling document** and the Court will not look beyond the first amended complaint for any factual or legal issues raised in any previously filed complaint.

The Court notes that should Plaintiff file an amended complaint, Defendant Toriano Hudson's motion to dismiss (ECF No. 35) will be terminated as moot because it is directed at Plaintiff's original complaint and not Plaintiff's amended complaint.  Should Plaintiff fail to file an amended complaint, the Court will address the motion to dismiss on the merits.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge

or a district judge.  E.D. Mich. Local Rule 72.2.


Date: May 16, 2023.                    s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2023, by electronic means and/or ordinary mail.

                                       s/Kristen MacKay
                                       Case Manager
                                       (810) 341-7850