UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL JIMENEZ-VALDEZ,
    Plaintiff,
    v.

TORIANO HUDSON and
BEVERLY WALTON,
    Defendants.
_____/

Case No. 21-13046

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 35, 43)**

## I.    PROCEDURAL HISTORY

Plaintiff, who is not a native English speaker, filed this prisoner civil rights lawsuit on December 21, 2021, without the assistance of counsel.  (ECF No. 1). Both Defendants Hudson and Walton[1] filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which are also alternative motions for summary judgment under Rule 56.  The Court explained the difference between these motions when ordering Plaintiff to file a response brief.  (*See* ECF No. 44).  The Court stated that Plaintiff's response brief should address whether he states a viable claim to relief under Rule 12(b)(6) and whether there are issues of material

---

[1] Plaintiff referred to Defendant Hudson as Hutcherson.

fact that would preclude judgment for Defendants under Rule 56.  His responses were due September 8, 2023.  He was granted two extensions to respond.  The last extension was to December 31, 2023.  As explained in an Order filed separately, Plaintiff's motion for a third extension was denied.

For the reasons discussed below, the undersigned recommends that Defendants' motions to dismiss or for summary judgment be **GRANTED**.

## II.    COMPLAINT ALLEGATIONS

On January 8, 2019, Defendants Hudson and Walton were transporting Plaintiff and five other prisoners to Macomb Correctional Facility.  Plaintiff was restrained by leg irons, handcuffs, and belly restraints during the ride.  He and the other prisoners were not seat belted.  Hudson, who was driving the transport vehicle, was talking on his phone.  At one point Walton shoved her phone in Hudson's face obstructing his light of sight.  The vehicle was traveling on Interstate 94 in stop-and-go traffic.  Hudson was driving in a manner that caused Plaintiff's body to bob back and forth.  Then, as the vehicle was moving at 40 mph, Hudson was looking at Walton's phone when it was placed directly in front of his face.  Walton suddenly screamed and the van crashed into the back of a stopped vehicle.  The crash caused Plaintiff's head to jerk backwards so that it almost touched his back, and his body slammed violently into the beam on the seat in front of him knocking the air out of him.  He now suffers severe migraines, a

2

pinched nerve in his spine, and loss of strength and feeling in his legs. (ECF No. 1, PageID.7, 16).

During his deposition, Plaintiff testified that Hudson was driving the vehicle around 35, 40 mph just before the collision. (ECF No. 35-2, PageID.171, at p. 21). He said that Hudson was looking at his phone or Walton's phone from the moment they started driving, but he did not complain to either officer about their conduct. (*Id.* at PageID.171, p. 22). The deposition testimony did not stray from the allegations in the complaint.

Plaintiff alleges that Hudson was driving negligently and in violation of Michigan traffic laws by looking at his and Walton's phones while driving. He asserts that Walton acted negligently by failing to fasten seatbelts to each prisoner and for obstructing Hudson's view with her phone. He says their actions were cruel and unusual punishment in violation of the Eighth Amendment because they intentionally placed prisoners in a dangerous situation. (*Id.* at PageID.5).

## III.  ANALYSIS AND RECOMMENDATIONS

### A.  Governing Standards

Defendants frame their motions as a motion to dismiss brought pursuant to Rule 12(b)(6). Yet they filed answers to Plaintiff's complaint well before moving to dismiss the complaint. Rule 12(b) provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

Fed. R. Civ. P. 12(b).  At any rate, pursuant to Rule 12(h), the Court construes

Defendants' "late" Rule 12(b)(6) motion as one for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c).  *See Sheid v. Fanny Farmer*

*Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988).  The standard of review

for a motion for judgment on the pleadings under Rule 12(c) is substantially the

same as that for a motion to dismiss under Rule 12(b).  *See Kottmyer v. Maas*, 436

F.3d 684, 689 (6th Cir. 2006) (citations omitted).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must

"construe the complaint in the light most favorable to plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than

"labels and conclusions" or "a formulaic recitation of the elements of a cause of

action").  Facial plausibility is established "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an

inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). At the same time, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light

most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Unlike in a motion to dismiss, that Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under

*Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal

Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile*

*Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates,*

*McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

B.    Discussion[2]

As mentioned, five other prisoners were in the transport vehicle with

Plaintiff during the collision.  Two of those prisoners filed lawsuits with

substantially the same allegations—*Hendrix v. Hudson*, Case No. 20-13200 and

*Hoosier-Bey v. Hudson*, Case No. 21-10189.  They alleged that Hudson was

looking at his phone, and Walton put her phone in front of Hudson, while Hudson

drove the transportation vehicle in stop-and-go traffic, Hudson collided into the

stopped car ahead of him, and that they were injured as a result of the accident.

*See Hoosier-Bey*, 2021 WL 1175283 (E.D.  Mich. Mar. 29, 2021) and *Hendrix*,

2023 WL 3043273 (E.D. Mich. Apr. 21, 2023).  Both plaintiffs alleged that

Hudson's distracted driving and collision violated the Eighth Amendment's

prohibition on cruel and unusual punishment.  Hendrix, like Plaintiff, also alleged

---

[2] Although Plaintiff failed to file a timely response brief to the motions for summary judgment, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Stough v. Mayville Cmty. Schs*., 138 F.3d 612, 614 (6th Cir. 1998); *Anthony v. Owen*, 2011 WL 4406353, at *1 (E.D. Mich. Sept. 22, 2011).  The record includes Plaintiff's deposition testimony related to his claims that will be reviewed below, so Plaintiff's positions are considered here.

that Walton's conduct showing Hudson her phone and failure to fasten his seatbelt violated the Eighth Amendment.

In cases alleging failure to protect from harm in violation of the Eighth Amendment, a plaintiff must satisfy a two-prong test. The first prong is objective. The prisoner must establish that the conditions posed a substantial risk of serious harm. *Beck v. Hamblen Cnty, Tenn.*, 969 F.3d 592, 600 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). The second prong is subjective. The official must have acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. A prisoner must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Mere negligence is not enough to establish a violation. *See Rhodes v. Michigan*, 10 F.4th 665, 678 (6th Cir. 2021).

Prison officials transporting prisoners can violate the Eighth Amendment for driving in a dangerous manner. *Scott v. Becher*, 736 Fed. Appx. 130, 133 (6th Cir. 2018) (citing *Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008)). In *Becher*, for example, the plaintiff alleged that the defendant officer drove recklessly, above the speed limit, while swerving, and while the prisoner passengers begged him to slow

down.  *Id.*  The officer instead laughed at their pleas, accelerated, and hit a bump in

the road which sent the prisoners flying.  *Id.*  The court found that conduct, if true,

amounted to an Eighth Amendment violation.  *Id.* at 133-34.  Plaintiff's allegations

are different.

As discussed in *Hoosier-Bey*, use of a cell phone while driving did not create

an excessive risk of serious harm.  2021 WL 1175283, at *2.  "[T]he minimal

consequences for violating a state law prohibiting the use of a phone while driving

evidenced that the conduct did not amount to a substantial risk of serious harm."

*Hendrix*, 2023 WL 3043273, at *3 (citing *id.*).  And Hudson lacked the required

state of mind for deliberate indifference.  *Hoosier-Bey*, 2021 1175283, at *3.

Because of the lack of protest from the prisoner passengers and Hudson's lack of

awareness of the danger, the plaintiff failed to state a claim.

Like the other plaintiffs, Plaintiff here has not established that an Eighth

Amendment violation occurred.  Plaintiff's allegations and deposition testimony

show that Hudson's and Walton's actions posed a risk of harm to him.  But their

actions did not pose an excessive and substantial risk of serious harm.  Unlike in

*Becher*, when the defendant drove recklessly over the speed limit while swerving

in traffic, here Hudson was driving at a low speed when he collided with the

stopped car in front of him in stop-and-go traffic.  And Plaintiff's allegations do

not satisfy the subjective prong.  There is no showing that Hudson and Walton

acted with subjective deliberate indifference.  At most, Hudson was negligent by using his phone and looking at Walton's phone while driving.  More than negligence is required for an Eighth Amendment violation.  As noted in *Hendrix*, Walton's actions were even less culpable than Hudson's.  2023 WL 3043273, at *4.  Walton at times showed Hudson her phone while he drove and did not fasten Plaintiff's seatbelt.  She was not driving the vehicle and is less responsible for the collision than Hudson.  *Id.*; *see also Young v. Dep't's of Corr.*, 2007 WL 2214520, at *6 (E.D. Mich. July 27, 2007) (holding that mere failure to fasten a prisoner's seatbelt is not enough to establish an Eighth Amendment violation).  Plaintiff both failed to state a claim and has not shown a question of material fact that would preclude judgment in Defendants' favor as a matter of law.

Finally, Plaintiff sued Defendants in both their individual and official capacities.  The individual capacity claims should be dismissed for the reasons discussed above.  The official capacity suit should be dismissed because the Eleventh Amendment doctrine of sovereign immunity bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, foreigners or its own citizens."  *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993).  The doctrine of sovereign immunity applies to state agencies as well as state officials sued in their official capacities.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  When a plaintiff sues a

defendant in his or her official capacity, it "is not a suit against the official but rather is a suit against the official's office." *Id.* at 71.  Plaintiff's claims against defendants in their official capacities, therefore, are claims against the State of Michigan, and "the Eleventh Amendment bars a damages action against a State in federal court." *Ky. v. Graham*, 473 U.S. 159, 169 (1985).  Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Defendants in their official capacities.  The official capacity claims should be dismissed.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants Hudson and Walton's motions to dismiss and for summary judgment (ECF Nos. 35, 43) be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 30, 2024.   s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 30, 2024.

s/Sara Krause
Case Manager
(810) 341-7850